UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IRAKO JA KONGARI, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Civil Action No. 24-1921 (UNA) |
| JOHN EVANS, *et al.*, | ) ) ) |
| *Defendants*. | ) ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1). The Court will grant the application and, for the reasons discussed below, will dismiss this case.

Plaintiff brings this action against the attorneys who represented plaintiff's ex-wife in divorce and child custody proceedings before a Georgia court. *See* Compl. ¶¶ 7, 9.[1] He alleges that defendant Martinez treated plaintiff with disrespect during court proceedings, *see id*. ¶¶ 10-11, and made "unprofessional cometary [sic]," *id*. ¶ 13, in court. He further alleges that defendant Evans "made [plaintiff's] children absent from meeting with [him]," *id*. ¶ 22, for scheduled visitation, *see id*. ¶¶ 20, 22. Plaintiff brings defamation and intentional infliction of emotional distress claims against defendants, *see generally id*. ¶¶ 28–31, and demands an award of $20 million, *id*. ¶ 33.

At the outset, the Court must determine whether it possess jurisdiction to hear this case. "[I]t is axiomatic that subject jurisdiction may not be waived, and that courts may raise the issue *sua sponte*." *NetworkIP, LLC v. FCC*, 548 F. 3d 116, 120 (D.C. Cir. 2008) (internal quotation

---

[1] References to the complaint are references to the typewritten complaint (ECF No. 1 at 6-11), not the preprinted form.

marks omitted). "Therefore, a district court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3) when it is evident that the court lacks subject-matter jurisdiction." *Poblete v. U.S. Marshalls Serv.*, 207 F. Supp. 3d 1, 2–3 (D.D.C. 2016).

While complaints filed by *pro se* litigants are held to less stringent standards than those applied to pleadings prepared by lawyers, *see Poblete*, 207 F. Supp. 3d at 3, the Court nonetheless finds that it lacks subject matter jurisdiction to decide this case. The complaint asserts both federal question and diversity of citizenship as its basis for jurisdiction. *See* Compl. Cover Sheet at 3; *see also* 28 U.S.C. §§ 1331, 1332. However, per the complaint, all parties are domiciliaries, and thus citizens, of the state of Georgia—there is therefore no diversity of citizenship in this case. *See* Compl. at 4; *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 373 ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from *each* plaintiff." (emphasis in original)). And while the plaintiff makes references to 42 U.S.C. §§ 1981 and 1983, the complaint presents only claims for common law defamation and intentional infliction of emotional distress against private attorneys. *See* Compl. at 1, 4–5. Accordingly, the Court can discern no federal question from the face of the complaint. *See Paul v. Didizian*, 819 F. Supp. 2d 31, 35–37 (D.D.C. 2011) (dismissing complaint for failing to present a federal question when it alleged only state-law tort claims along with vague references to the plaintiff's civil and human rights).

For the foregoing reasons, it is

**ORDERED** that plaintiff's application to proceed *in forma pauperis* is **GRANTED**; it is further

**ORDERED** that the plaintiff's complaint is **dismissed** without prejudice under Rule 12(h)(3) for lack of jurisdiction.

**SO ORDERED.**

DATE: September 27, 2024

_____
DABNEY L. FRIEDRICH
United States District Judge